IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHANNON D. BROWN

    Plaintiff

v.

SHANE SCANLON, et al.

    Defendants

3:16-CV-2528
(JUDGE MARIANI)

## ORDER

AND NOW, THIS __6th__ DAY OF MARCH, 2018, upon review of Magistrate Judge Mehalchick's Report and Recommendation ("R&R") (Doc. 26) for clear error or manifest injustice[1], **IT IS HEREBY ORDERED THAT:**

1. The R&R (Doc. 26) is **ADOPTED AS MODIFIED:**

    a. The Motion to Dismiss (Doc. 13) by Defendants Shane Scanlon. Thomas J. Davis, and Vincent R. Butkiewicz is **GRANTED** for the reasons set forth in the Magistrate Judge's R&R.

    b. The Motion to Dismiss (Doc. 17) by Defendant Nina Gomez is **GRANTED** for the reasons set forth in the Magistrate Judge's R&R.

    c. All claims are **DISMISSED WITHOUT PREJUDICE** as to all of the defendants.[2]

---

[1] Although Plaintiff purported to file an "objection" to the R&R (Doc. 29), the document filed does not present any arguments against the R&R's reasoning, rather, it is formatted as an Amended Complaint in accordance with the R&R's recommendation that Plaintiff be given leave to amend her complaint. The Court will therefore construe the document not as an objection to the R&R, but as an Amended Complaint filed by Plaintiff.

2. Plaintiff may file an amended complaint within **28 days** of the date of this Order. In the alternative, Plaintiff may file a letter within **28 days** of the date of this Order, stating that she wishes to proceed on the Amended Complaint she filed on February 5, 2018 (Doc. 29).

3. The above-captioned action is **REMANDED** to Magistrate Judge Mehalchick for proceedings consistent with this Order.

Robert D. Mariani
United States District Judge

---

[2] Magistrate Judge Mehalchick recommends dismissing the claims against Defendant Scanlon with prejudice. Although the Court agrees that Scanlon is entitled to prosecutorial immunity to the extent Plaintiff's claims concern Brown's prosecution, in light of Plaintiff's assertions in her brief in opposition to the motions to dismiss that Scanlon was present during the execution of the search warrant (Doc. 25, at 3), the Court finds that the Plaintiff should be afforded the opportunity to attempt to plead facts properly alleging Defendant Scanlon's personal involvement in the execution of the search warrant.